# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KEVIN FERNANDEZ,

    Plaintiff,

vs.

S. MOLLET, *et al.*,

    Defendants.

3:16-cv-366-MMD-WGC

**ORDER**

Re: ECF No. 16

## **I. BACKGROUND**

Plaintiff is an inmate who is currently in the custody of the New Hampshire Department of Corrections through an interstate compact agreement with Nevada, and is proceeding pro se with this action. He filed his original complaint on June 23, 2016 (ECF No. 1-1), which the court screened (ECF No. 3). The complaint centered around events that allegedly occurred when he was incarcerated within the Nevada Department of Corrections' (NDOC) Ely State Prison (ESP). (ECF No. 1-1 at 1-3.) On screening, the court allowed Plaintiff to proceed with a retaliation claim pursuant to 42 U.S.C. § 1983 against Mollet, Hayman and Herring in Count I. This claim was based on allegations that these defendants searched Plaintiff's cell multiple times, destroyed his legal documents and evidence, and filed a false notice of charges against him because he had previously filed grievances against them as well as a lawsuit against other prison officials. (ECF No. 3 at 5-6.) The court dismissed Count II, which asserted violations of Nevada Revised Statutes (NRS) § § 212.010 and 212.020, because those are criminal statutes which cannot be enforced by civil actions. (ECF No. 3 at 6.) Noting that it was not commenting on the merits of the negligence claim asserted in Count III, the court allowed the claim to proceed against Mollet, Hayman and Herring pursuant to the court's supplemental jurisdiction. There, he alleged that

the defendants breached duties described in several administrative regulations and state statutes. (ECF No. 3 at 6.) The court dismissed with prejudice all claims against the State of Nevada, because states are not persons for purposes of 42 U.S.C. § 1983. (ECF No. 3 at 3 n. 2.) The court likewise dismissed NDOC with prejudice because it is an arm of the State, and also not a person for purposes of section 1983. (*Id.*)

The parties participated in an early mediation conference on May 30, 2017, but were unsuccessful in resolving the case. (ECF No. 9.) The Attorney General's Office entered a notice of acceptance of serving on behalf of Hayman, Herring, and Mollet, and an answer was filed on August 8, 2017. (ECF Nos. 12, 13.)

The court entered a scheduling order on August 9, 2017, which required, among other things, that any motion for leave to amend be filed by October 8, 2017. (ECF No. 14 at 2.)

Plaintiff timely filed his Motion for Leave to Amend and proposed Amended Complaint on September 15, 2017. (ECF Nos. 16, 16-1, errata at ECF No. 17[1].) Plaintiff names Mollet, Herring, Hayman, Lieutenant Bryant[2], the State of Nevada and NDOC, again concerning events that took place at ESP in May of 2015. (ECF No. 16-1 at 2-5.) The proposed Amended Complaint contains two counts, a section 1983 retaliation claim in Count I against Mollet, Herring, Hayman and Bryant (ECF No. 16-1 at 6-8, 10-11), and a State law negligence claim in Count II against Mollet, Herring, Hayman, the State of Nevada and NDOC (ECF No. 16-1 at 12-13).

In Count I of the proposed Amended Complaint, Plaintiff again alleges that Mollet, Herring and Hayman retaliated against him by searching his cell multiple times, destroying his legal documents and evidence, and filing a false notice of charges against him because he filed grievances against them and a lawsuit against other prison officials. He alleges that Bryant came to his cell to investigate the notice of charges, and told Plaintiff if he wanted, he could plead guilty to a charge of abusive language. Plaintiff

---

[1] In the errata, Plaintiff states that page eight of the proposed Amended Complaint should be removed.

[2] The original Complaint also named Bryant. The court did not construe the original Complaint as stating any cognizable claim against Bryant, but the proposed Amended Complaint contains additional allegations concerning Byrant's conduct in Count I, and there is no argument presented that Plaintiff does not state a retaliation claim against Bryant; therefore, the court will allow the claim to proceed against Bryant as well.

claims that Bryant told him that he did not believe the other charges against Plaintiff were true, and that if he contested those charges in a hearing, it would delay his scheduled transfer. Plaintiff claims that he explained to Bryant he was not guilty of any of the charges, but to escape further abuse by the officers, he agreed to plead guilty to the abusive language charge. Bryant accepted the plea, even though he had authority to dismiss the charges he knew were false and retaliatory.

In Count II, Plaintiff alleges that under Administrative Regulations (ARs) 707 and 339, the State of Nevada, NDOC, and Mollet owed Plaintiff a duty to properly write a disciplinary notice of charges, and violated this duty when they included false information in the charges. (ECF No. 16-1 at 12.) He goes on to aver that under AR 740, Mollet, Hayman, Herring, NDOC and Nevada owed Plaintiff a duty not to retaliate against Plaintiff, search his cell, destroy or deprive him of his property or attempt to injure him in retaliation for his speech. (*Id*.) He claims they violated this duty. (*Id*.) As a result, Plaintiff claims he was injured. (*Id*. at 13.)

Defendants filed a limited opposition to Plaintiff's motion to amend, indicating they only opposed the amendment to the extent the proposed Amended Complaint reintroduces claims against the State of Nevada and NDOC, who were dismissed on screening of the original Complaint. (ECF No. 18.) Plaintiff filed a reply brief (ECF No. 19), asserting that Nevada and NDOC were dismissed with respect to the federal law claims, but the court did not address them insofar as the State law claims were concerned.

On October 23, 2017, the court held a hearing to discuss this motion and another motion filed by Plaintiff. (Minutes at ECF No. 23.) At that time, the court ordered Defendants to file and serve a supplemental brief addressing Plaintiff's contention that the State and NDOC are proper defendants in the State law claims asserted in Count II of the proposed Amended Complaint. (*Id*.) Plaintiff was likewise permitted to file a supplemental reply brief. (*Id*.)

Defendants filed their supplemental brief on November 2, 2017. (ECF Nos. 29, 29-1, 29-2.) They argue that the State of Nevada and NDOC are not proper defendants because Count II does not state a claim. They assert that AR 707 is the regulation for the Inmate Disciplinary Process, and AR 339 is the Code of Ethics Employee Conduct Prohibitions and Penalties, and neither create a cause of action or special duty owed to Plaintiff by the State or NDOC. (ECF No. 29 at 2.) They also assert an argument

that the criminal allegations cited do not give rise to a civil claim, but that argument is moot as Plaintiff has agreed to strike those allegations from the proposed Amended Complaint.[3]

Defendants submitted copies of AR 707 (ECF No. 29-1), and AR 339 (ECF No. 29-2) with their supplemental brief. AR 707 contains NDOC's inmate disciplinary process policy. AR 339 contains NDOC's employee code of ethics, conduct prohibitions and penalties. AR 740, not included by Defendants, pertains to NDOC's grievance process, and does provide that inmates shall not be subjected to retaliation for utilizing the grievance procedure.[4]

Plaintiff filed his supplemental reply on November 27, 2017, where he asserted that Defendants did not file their supplemental brief. (ECF No. 36.) Defendants did file their supplemental brief on November 2, 2017, and the proof of service accompanying the filing indicates that it was served by mail on Plaintiff at the New Hampshire State Prison on

November 3, 2017. (ECF No. 29 at 3.)

The court will now address the motion for leave and proposed amended complaint.

## II. LEGAL STANDARD

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff was required to seek leave to amend.

/ / /

---

[3] At a December 21, 2017 hearing on another of Plaintiff's motions, the court made some preliminary comments regarding the pending motion for leave to amend, noting that District Judge Du had dismissed Count II of the original Complaint because it was based on criminal statutes. (*See* Minutes at ECF No. 46.) Nevertheless, the court pointed out that paragraphs 36, 38, 39 and 41 of the proposed Amended Complaint attempted to assert claims based on these same criminal statutes. (*Id*.) After discussing this issue, Plaintiff agreed to strike paragraphs 36, 38, 39 and 41 of the proposed Amended Complaint. (*Id*.)

[4] *See* http://doc.nv.gov/uploadedFiles/docnvgov/content/About/Administrative_Regulations/AR%20740%20-%20Inmate%20Grievance%20Procedure%20-%20Final%20-%2008302017.PDF, last visited January 4, 2018.

4

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

### III. DISCUSSION

Defendants only oppose the proposed amendment insofar as it includes the State of Nevada and NDOC as defendants in Count II. Therefore, the court must therefore assess the viability of Count II. *See Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal).

Defendants did not address whether the negligence claim could be asserted against the State of Nevada and NDOC, as the court directed, but instead argue that Plaintiff does not state a claim for negligence because the regulations cited do not create a cause of action or a duty of care owed to Plaintiff.

Count II of the proposed Amended Complaint, is similar to Count III of the original Complaint, and asserts a negligence claim against Defendants based on duties described in several prison regulations. In the screening order of the original complaint, the court stated: "The Court makes no comment on the merits of this claim but permits the claim to survive screening based on supplemental jurisdiction." (ECF No. 3 at 6:16-17.) Thus, the claim was allowed to proceed against Mollet, Hayman, and Herring. The court did not discuss the propriety of asserting the negligence claim against the State of Nevada and NDOC, or, as acknowledged, whether a colorable negligence claim was in fact stated.

The court will address both of those issues now.

First, the court will consider whether Plaintiff in fact states a negligence claim. Again, he alleges that pursuant to various regulations, Defendants owed him a duty to properly write a disciplinary notice of charges and not retaliate against him, search his cell or destroy or deprive him of property; that they violated those duties when they engaged in that conduct; and, that their conduct resulted in injury.

To establish a negligence claim under Nevada law, a plaintiff must assert: "(1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280, 125 Nev. 818, 824 (Nev. 2009) (citation omitted). Whether

5

a duty exists is a question of law for the court. *Ashwood v. Clark County*, 113 Nev. 80, 930 P.2d 740, 742 (1997). For a duty to exist, the harm must be foreseeable. *Id.* 930 P.2d at 743.

Plaintiff alleges that Defendants owed him various duties, that those duties were breached, and as a result he suffered injury. Defendants contend, without citing any authority or any substantive discussion, that neither AR 707 nor AR 739 give rise to any duty on the part of the State or NDOC.

The Nevada Supreme Court, however, has stated that "[a]s a general rule, … state officials have a duty to exercise ordinary care in performing their duties." *Butler ex rel. Biller v. Bayer*, 168 P.3d 1055, 1065, 123 Nev. 450, 464 (Nev. 2007) (citing *State v. Silva*, 478 P.2d 591, 592, 86 Nev. 911, 914 (Nev. 1970)).

While Plaintiff may not be able to establish negligence per se since he relies on purported violations of regulations and not a statute, the violation of a regulation may serve as evidence of negligence. *See Sanchez*, 221 P.3d at 1283 (citation omitted) ("A negligence per se claim arises when a duty is created by statute" and the violation of a statute "establishes the duty and breach elements of negligence when the injured party is in the class of persons whom the statute is intended to protect and the injury is of the type against which the statute is intended to protect."); *Munda v. Summerlin Life & Health Ins. Co.*, 267 P.3d 771, n. 3, 127 Nev. 918 (Nev. 2011) (citation omitted) (negligence per se "is not a separate cause of action, but rather a method of establishing the duty and breach elements of a negligence claim."); *Price v. Sinnott*, 460 P.2d 837, 839-40, 85 Nev. 600, 605 (Nev. 1969) (citations omitted) ("proof of a deviation from an administrative regulation is only evidence of negligence; not negligence per se").

In sum, Plaintiff does state a claim for negligence in Count II. The court must now address whether Plaintiff may proceed with Count II insofar as the State of Nevada and NDOC are concerned.

NRS 41.031 contains Nevada's general waiver of sovereign immunity from suits arising from acts of negligence committed by state employees. The purpose of the waiver is "to compensate victims of government negligence in circumstances like those in which victims of private negligence would be compensated." *Harrigan v. City of Reno*, 475 P.2d 94, 95, 86 Nev. 678, 680 (Nev. 1970) (citation omitted). Nevertheless, NRS 41.032(2) generally precludes a suit based in state law against the State, its employees, or any agencies or subdivisions for actions that are "discretionary" in nature. Plaintiff

alleges in his proposed Amended Complaint that the conduct alleged encompassed non-discretionary acts, and Defendants have presented no argument to the contrary. Additionally, a tort action against a State employee must name the State. NRS 41.0337. Therefore, Plaintiff may proceed against the State of Nevada, but pursuant to NRS 41.031(2) and NRS 41.0337, the action must be brought in the name of the State of Nevada on relation of the NDOC.

### IV. CONCLUSION

(1) Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 16) is **GRANTED**;

(2) Plaintiff may proceed with his First Amendment retaliation claim pursuant to 42 U.S.C. § 1983 in Count I against Mollet, Herring, Hayman and Bryant; and, his Nevada negligence claim in Count II against Mollet, Hayman, Herring, and the State of Nevada ex rel NDOC;

(3) The Clerk shall **FILE** the Amended Complaint (ECF No. 16-1);

(4) Consistent with this Order, the docket shall reflect that the action (insofar as Count II is concerned) is proceeding against the State of Nevada ex rel NDOC, and all future documents containing the full, official caption shall reflect this change;

(5) Within **FOURTEEN** days of the date of this Order, the Nevada Attorney General's Office shall file a notice advising the court and Plaintiff of: (a) the names of the defendants for whom it accepts service; and (b) the names of the defendants for whom it does not accept service.[5] For those defendant(s) for whom service will not be accepted, the Attorney General shall file the last known address under seal, but shall not serve Plaintiff with the last known address(es). If the last known address is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address. If service cannot be accepted for any of the named defendants, Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons and specifying a full name and address for the defendant(s). Plaintiff has **ninety (90) days** from the date of this Order to effectuate service on all defendants. If Plaintiff should require additional time, he must file a motion for an extension of time in accordance with Local Rule IA 6-1. If he requires an extension of time to effectuate service, the motion

---

[5] Presumably, this might only apply to defendant Bryant, as the Attorney General's Office has previously accepted service on behalf of Mollet, Hayman and Herring, and would accept service on behalf of the State.

1  must be supported by good cause and shall be filed *before* the expiration of the ninety-day period.

2      Once service is accomplished, Plaintiff shall serve a copy of every pleading, motion or other document submitted for consideration by the court upon the defendants or, if an appearance has been entered by counsel, upon the attorney. Plaintiff shall include with the original of each document to be filed with the court a certificate stating that a true and correct copy of the document was mailed to the defendant or counsel. The court may disregard any paper received which has not been filed with the Clerk, or that fails to include a certificate of service.

    DATED: January 8, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE